**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cr-60341-BLOOM/Valle**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVAN PERALTA and ROSARIO
ZANELLI PERALTA,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendants Ivan Peralta and Roasario Zanelli Peralta's ("Defendants") Joint Motion for Modification of Sentence, ECF No. [56] ("Motion"), filed on May 13, 2019. The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A federal grand jury charged Defendants with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. ECF No. [1]. On July 14, 2019, Defendants pled guilty to the sole count of the information. ECF Nos. [37] and [38]. The Court sentenced Defendant Rosario Zanelli Peralta to a term of 27 months in prison plus a term of two years of supervised release. Defendant Ivan Peralta was sentenced to a term of 33 months in prison plus a term of two years of supervised release. *Id.* The Court imposed a staggered sentence, such that Defendant Roasario Zanelli Peralta would serve her sentence following completion of Ivan Peralta's (her husband's) sentence.

In the Motion, Defendants seek a sentence modification pursuant to 18 U.S.C. § 3582 based on the significant problems that Ivan Peralta's incarceration has imposed on Defendants' family

unit and the problems that Defendants' anticipate Rosario Zanelli Peralta's impending incarceration will impose on the family unit. A Court may not modify a sentence once it has been imposed, but an exception exists where:

> The court, **upon motion of the Director of the Bureau of Prisons**, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>     (i)    extraordinary and compelling reasons warrant such a reduction; or
>
>     (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(e), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(1)(A) (i)-(ii) (emphasis added).

There is no motion from the Director of the Bureau of Prisons presently before the Court seeking the modification of Defendants' sentences and Defendants have not demonstrated that they have exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf. The Court therefore, lacks jurisdiction to consider the Motion. *See Steiniger v. Drew*, No. 13-cv-2300, 2014 WL 641984, at *2 (N.D. Ga. Feb. 19, 2014) ("Absent a motion by the Director of the BOP, a federal court lacks jurisdiction to consider compassionate release."); *Cruz–Pagan v. Warden,* 486 F. App'x 77, 79 (11th Cir. 2012) ("The plain meaning of [§ 3582(c)(1)(a)] requires a motion by the Director as a condition precedent to the district court before it can reduce a term of

imprisonment").[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [56]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 28, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Ivan Peralta
14362-104
Pensacola FPC
Federal Prison Camp
Inmate Mail/Parcels
Post Office Box 3949
Pensacola, FL 32516

---

1 The Court notes that Defendants may initiate a request for a motion under § 3582(c)(1)(A) by following the procedures detailed in 28 C.F.R. § 571.61.